Filed 8/23/23  P. v. Shahzad CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C096961 |
| Plaintiff and Respondent, | (Super. Ct. No. CR2022-0655) |
| v. | |
| HUSSAIN SHAHZAD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Hussain Shahzad asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

While searching defendant and the car in which he was riding after a traffic stop in March 2022, a police officer found an unloaded semiautomatic pistol, approximately 20 grams of mushrooms, and an empty 16-round magazine that fit the gun found on defendant.

1

Defendant was charged with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)—count 1),[1] unlawful possession of ammunition (§ 30305, subd. (a)(1)—count 2), and misdemeanor possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a)—count 3.) Pursuant to section 1170, subdivision (b), it further was alleged that defendant had served a prior prison term. (Cal. Rules of Court, rule 4.421(b)(3).)

In June 2022, defendant moved to suppress the evidence from the search, arguing the officer's detention of defendant was not supported by a reasonable suspicion and therefore was unjustified.

During the hearing on defendant's motion, Woodland Police Officer Dalbinder Dulai testified that as he was patrolling in the afternoon of March 4, 2022, he noticed a car with tinted front windows that stopped past an intersection limit line. Dulai stopped the car and identified defendant, who said he owned the car, as the front seat passenger. Dulai could smell marijuana.

Dispatch informed Dulai that Sacramento Police Department officers sought defendant, and that there was an alert that he could be armed. After consulting with Woodland Police Detective Goycovich over the radio, Dulai pulled defendant out of the car with the assistance of two other officers. Dulai handcuffed defendant, performed a patdown search, and seized a handgun. Officers from the Sacramento Police Department later arrived.

Defense counsel argued Dulai pulled the car over "for tinted windows, maybe stopped behind a white line, pulled [defendant] out of the vehicle solely based upon what? At the command of Detective Goycovich. [¶] . . . [¶] The only information

---

[1]     Undesignated statutory references are to the Penal Code.

about [defendant] was that he was a subject of the Sacramento surveillance and that he's possibly armed."

The prosecutor responded that at the point Dulai pulled defendant out of the car, "he already knew that [defendant] was possibly armed and dangerous. So what we have here is a valid *Terry* stop."[2]

The court denied defendant's motion, reasoning: "So from what I'm looking at objectively as far as the *Terry* stop I find that it is reasonable on how Officer Dulai proceeded at this point. [Defendant] was handcuffed. But given that the information learned that [defendant] was armed, I don't think [Dulai's] behavior was unreasonable. I don't think the period of time was unnecessarily prolonged in light of the circumstances as a matter of a few minutes. So based upon that I find it to be a legitimate *Terry* stop and what happened from thereon was appropriate for Fourth Amendment purposes, so I will deny the motion to suppress."

In July 2022, defendant pleaded no contest to count 1. The remaining counts were dismissed with a *Harvey* waiver.[3] The sentencing enhancement was also dismissed. Per the parties' agreement, the trial court sentenced defendant to two years in state prison but suspended execution of the sentence and placed defendant on probation for two years.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the

---

[2]     *Terry v. Ohio* (1968) 392 U.S. 1 [20 L.Ed. 889].

[3]     *People v. Harvey* (1979) 25 Cal.3d 754.

opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                              KRAUSE          , J.



We concur:



      ROBIE          , Acting P. J.



      RENNER          , J.


4